IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAXMASTERS, INC.<br>d/b/a TAXMASTERS<br>    Plaintiff | § § § § | |
| VS. | § § | Civil Action No.: 4:10-CV-2480 |
| GALANTE GROUP CORP. d/b/a<br>JG TAX GROUP CO.<br>    Defendant | § § § § | |

## DEFENDANT/COUNTER-PLAINTIFF'S FIRST AMENDED ANSWER, AND COUNTER-CLAIM

COMES NOW, GALANTE GROUP CORP. D/B/A JG TAX GROUP CO. (hereinafter "JG TAX GROUP"), Defendant/Counter-Plaintiff in the above numbered and entitled cause of action, and files this Defendant/Counter-Plaintiff's First Amended Answer and Counterclaim and in support thereof would respectfully show unto the Court as follows:

### I. PRELIMINARY STATEMENT

It is an undisputed fact that TAXMASTERS, INC. d/b/a TAXMASTERS (hereinafter "TAXMASTERS") has an F-Rating with the Better Business Bureau (hereinafter "BBB").[1] In the spring of 2010 JG TAX GROUP placed on its website not only TAXMASTERS' BBB Rating but also the rating of 15 other tax resolutions firms, including its own. On or about May 13, 2010 the State of Texas Attorney General's Office sued TAXMASTERS as well as its founder, Patrick Cox, in response to numerous complaints from customers about TAXMASTERS business practices which no doubt are reflected in its F BBB Rating.

---

[1] www.bbb.org/houston/business-reviews/tax-consultants-and-representatives/taxmasters-in-houston-tx-60000056/.
See also Exhibit 1.

1

In the style of *The State of Texas v. Taxmasters, inc. TMIRS Enterprises, Ltd., TM GP Services, LLC, d/b/a Taxmasters, and Patrick R. Cox, Individually*; Cause No. D-1-GV-10-000486, in the 200th Judicial District, Travis County, Texas, the state of Texas specifically accused TAXMASTERS of violating the Deceptive Trade Practices Act ("DTPA") by:

a. Failing to clearly and conspicuously disclose to consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS' contract provides that TAXMASTERS are entitled to their full fee regardless of TAXMASTERS' success or failure in resolving the consumer's tax issue;

b. Failing to clearly and conspicuously disclose to consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS' contract provides that TAXMASTERS are under no obligation to perform any services on behalf of consumers unless and until TAXMASTERS' fee has been paid in full by the consumer;

c. In the case of consumers who make partial payments to TAXMASTERS, failing to clearly and conspicuously disclose to those consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS may not begin working on the consumer's tax issue until the TAXMASTERS have received the entire fee;

d. Failing to clearly and conspicuously disclose to consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS' contract provides that any and all fees paid by the consumer to TAXMASTERS for tax resolution services are non-refundable.

The 200th Judicial District Court of Travis County Texas granted a Temporary Restraining Order on May 14, 2010 and TAXMASTERS later agreed to a Temporary Injunction on May 25, 2010. Pursuant to the Agreed Temporary Injunction, TAXMASTERS agreed to immediately desist and refrain from:

a. Failing to clearly and conspicuously disclose to consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS' contract provides that TAXMASTERS are entitled to their full fee regardless of TAXMASTERS' success or failure in resolving the consumer's tax issue;

b. Failing to clearly and conspicuously disclose to consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS' contract provides that TAXMASTERS are under no obligation to perform any services on behalf of consumers unless and until TAXMASTERS' fee has been paid in full by the consumer;

c. In the case of consumers who make partial payments to TAXMASTERS, failing to clearly and conspicuously disclose to those consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS may not begin working on the consumer's tax issue until the TAXMASTERS have received the entire fee;

d. Failing to clearly and conspicuously disclose to consumers prior to purchase of tax resolution services from TAXMASTERS that TAXMASTERS' contract provides that any and all fees paid by the consumer to TAXMASTERS for tax resolution services are non-refundable.

Defendant JG TAX GROUP's website merely discloses these aforementioned facts. Nothing JG TAX GROUP has posted is false or constitutes defamation. Additionally, TAXMASTERS directly contacted JG TAX GROUP's web hosting vendor (CPA Solutions) located in Vermont and threatened to sue CPA Solutions in Harris County unless it stopped hosting JG TAX GROUP's website within six (6) days.[2] This tactic of threatening lawsuit(s) in Harris County Texas is not unlike TAXMASTERS behavior with consumers.[3] CPA Solutions complied and shutdown JG TAX GROUP's website. This blatant interference with JG TAX GROUP's contractual relationship with its web hosting vendor caused significant damage to JG TAX GROUP and is the basis for JG TAX GROUP's counterclaim set forth below.

---

2 The letter was dated July 1, 2010. Taking into account the 4th of July holiday CPA Solutions ad only a few days to act.

3 Section 8.12 of The State of Texas' Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction in the 200th Judicial District Court of Travis County which states: "Taxmasters not only refuses to refund the fees already collected by it after the sales call, it also attempts to continue to collect fees from consumers who cancel their agreements. In fact, the Defendants have threatened to subject consumers to collection procedures if they refuse to pay fees after the consumer has cancelled the agreement. In attempting to collect these fees, Taxmasters has threatened to bring suit to collect such fees in Harris County, Texas, even though the consumer is not a resident of Harris County and did not sign the contract on which the alleged debt is based in Harris

## II. FIRST AMENDED ANSWER

### A. Response to Factual Allegations and Counts V – VIII

JG TAX GROUP admits the allegations set forth in Section II. Parties.

JG TAX GROUP admits that TAXMASTERS holds itself out as a company that assists individuals with IRS disputes.

JG TAX GROUP admits that it designated an internet advertising campaign designed to attract customers but denied that the internet advertising campaign centered around Plaintiff's claimed trade name.

JG TAX GROUP admits that it had an advertising campaign with Google that stated "TAXMASTERS F-Rated" followed by "with Better Business Bureau Don't Get Ripped Off."

JG TAX GROUP denies that its advertising campaign is false, misleading, and constitutes defamation.

JG TAX GROUP admits that the advertising campaign included Harris County along with the rest of the United States. JG TAX GROUP denies that the advertising specifically targeted persons living and working in Harris County Texas as opposed to the rest of the country.

JG TAX GROUP denies that Plaintiff has suffered a loss of business as a result of the advertising campaign.

JG TAX GROUP denies that it published disparaging words about Plaintiffs business. JG TAX GROUP denies that its website generally alleges that Plaintiff rips people off.

JG TAX GROUP denies that the words published about Plaintiff are false.

JG TAX GROUP denies that it published any words with malice aforethought. JG TAX

County."

GROUP denies that it published any defamatory statements with knowledge of falsity and/or reckless disregard to whether such statements were true or false.

JG TAX GROUP denies that it made any false statements which resulted in special damages to Plaintiff or any decrease in Plaintiff's business.

JG TAX GROUP denies that it defamed Plaintiff and the statements in Defendant's advertising campaign are false. Defendant admits that <u>some</u> of the statements contained in the campaign are expressly about Plaintiff.

JG TAX GROUP denies that the statements in its advertising campaign statutory libel and that any statement made by Defendant expose Plaintiff to public hatred, contempt, ridicule, and financial injury and impeached their images of honesty and integrity.

JG TAX GROUP admits that since April 2010 it has maintained an advertising campaign but denies that the campaign has retained the same characteristics or run in the same markets since April 2010. Specifically the campaign in Harris County has been discontinued.

JG TAX GROUP denies that it made any defamatory statements at anytime that may have been read and understood by anyone.

JG TAX GROUP denies that it interfered in any way with Plaintiff's prospective contracts thereby depriving Plaintiff of any profits it may have received.

### B. Right to Amend

Defendant, JG TAX GROUP, specifically reserves the right to amend this answer, as is its right under the Texas Rules of Civil Procedure.

### C. Affirmative Defenses

Defendant/Counter-Plaintiff asserts the affirmative defense of substantial truth. Under the

substantial-truth test, a statement is not considered false unless it would have a different effect on the mind of the average listener than a true statement would. JG TAX GROUP merely reported the true BBB ratings for TAXMASTERS on its website. The fact that TAXMASTERS has an "F" rating with the BBB is a substantially true and factually accurate statement.

Alternatively and without waiving the foregoing, Defendant/Counter-Plaintiff asserts the affirmative defense of truthful information and honest advice. A defendant who intentionally causes a third person not to perform a contract of not to enter into a prospective contractual relationship with the plaintiff is not liable for interfering with the contractual relation if the defendant gives truthful information. The information published on JG TAX GROUP's website was a truthful and accurate reporting of TAXMASTERS "F" rating with the BBB.

### III. DEFENDANT'S COUNTERCLAIMS

#### A. Factual Background

On or about July 1, 2010 attorney Fred Hackett (hereinafter "Hackett"), General Counsel for TAXMASTERS sent a Cease and Desist letter (attached hereto as "Exhibit 2") to Brian O'Connell, Owner of CPASiteSolutions.com (hereinafter "CPA"). CPA is the internet company that was hosting JG TAXGROUP's website. TAXMASTERS' harassing and threatening letter states in relevant part:

> Additionally, JG Tax Group's defamatory actions are in direct violation of your "Terms of Use Policy" which states that:
>
> While using the Sites and Services, you will not:
>
> - violate any laws or third party rights
> - post false, inaccurate, misleading, defamatory, or libelous content (including personal information);
>
> …

6

Therefore, demand is hereby made that you immediately cease to host JG Tax Group's website and that you immediately disable this website and terminate the User's access and account.

...

Failure to adhere to our demands will result in a petition being filed in the District Court of Harris County, Texas where we will be seeking remedies to the fullest extent allowed by law, including injunctive relief, and an accounting for profits and damages.

Pursuant to this letter, CPA noticed JG TAX GROUP that it would be removing the website from its servers. JG TAX GROUP derives the vast majority of its business through its website, and was forced to assemble a team to work with CPA to move its website to another host. This move cost JG TAX GROUP time and monetary losses in excess of $100,000 and it continues to have problems with its website due to the move.

## B. Tortious Interference

Defendant/Counter-Plaintiff asserts a counterclaim for tortious interference with an existing contract. JG TAX GROUP had a valid contract with CPA to host its website. TAXMASTERS willfully and intentionally interfered with the contract and its interference was the proximate cause of JG TAX GROUP's injuries. JG TAX GROUP has incurred in excess of $100,000.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff, GALANTE GROUP CORP. d/b/a JG TAX GROUP CO., prays for the following:

(1) that Plaintiff, TAXMASTERS, INC. d/b/a TAXMASTERS, take nothing by this lawsuit;

(2) that Defendant/Counter-Plaintiff recovers actual damages;

(3) that Defendant/Counter-Plaintiff recovers exemplary damages;

(4)  that Defendant/Counter-Plaintiff be allowed to go hence without delay and recover all of its costs and attorneys fees;

(5)  that all costs of this action be assessed against Plaintiff; and

(6)  such other and further relief, both special and general, at law or in equity, to which it may show it is justly entitled.

    Respectfully submitted,

    GRIMES & FERTITTA, P.C.

    _/s/ Julian J. Fertitta, III_
    Julian J. Fertitta, III; SBN: 00795060
    Federal Bar No.: 21954
    440 Louisiana, Ste. 1450
    Houston, TX 77002
    (713) 224-7644 Telephone
    (713) 224-0733 Facsimile

    ATTORNEY FOR DEFENDANT,
    GALANTE GROUP CORP. d/b/a
    JG TAX GROUP CO.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant/Counter-Plaintiff's First Amended Answer and Counter-Claim was served on all counsel of record this 20th day of August, 2010, by facsimile.

Kyle L. Courtney                                              FAX: (713) 522-1459
Duncan T. Pham
D T Pham & Associates, PLLC
6164 Richmond Ave., Ste. 207
Houston, TX 77057

    _/s/ Julian J. Fertitta, III_
    Julian J. Fertitta, III