IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAXMASTERS, INC <br> d/b/a TAXMASTERS <br>     Plaintiff, | § § § § | |
| VS. | § § | CIVIL ACTION NO.: 4:10-CV-2480 |
| GALANTE GROUP CORP. d/b/a <br> JG TAX GROUP CO. <br>     Defendant. | § § § | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing confidential information and witness testimony containing confidential information. Accordingly, the parties hereby agree to enter into this Confidentiality Stipulation and Protective Order ("Confidentiality Stipulation") to govern the production of documents and testimony that contains confidential information and agree to be mutually bound by its terms.

### Definitions

1. All words or phrases have their ordinary dictionary definition unless defined below.

2. "Party" or "Parties" means any parent, subsidiary or affiliate corporation of the named parties, their successors-in-interest and predecessors-in-interest, and their employees, agents and representatives.

3. "Person" includes but is not limited to any legal or natural person directed to produce documents or information in this litigation.

4. "Outside Counsel" means a firm of attorneys with clients other than a party hereto, none of whose members or associates are employees, officers, directors, or owners in any capacity of a party hereto and whose offices are not located on the premises of a party hereto.

5. "Independent Expert" and Independent Consultant" means a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel for the purpose of assisting in this litigation.

6. "Confidential Information" means information in written, oral, electronic or other form, whether it be a document, information contained in or derived from a document, information revealed during a deposition, or information revealed in responding to a discovery request, that:

(a) a party or person believes, in good faith, reveals business, competitive, proprietary, trade secret or other information of a sensitive nature about the party or of another person which information the party is under a duty to maintain in confident, and

(b) a party or person designates as "Confidential" in accordance with this Confidentiality Stipulation.

7. "Litigation" means this action styled Cause No. 4:10-CV-2480; Tax Masters Inc. d/b/a TaxMasters vs. Galante Group Corp. d/b/a JG Tax Group Co. ; In the United States District Court for the Southern District of Texas Houston Division.

### Designation of Confidential Information

8. *Designation of Tangible Material.* Documents and other tangible material claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each

protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Confidentiality Stipulation. The foregoing sentence, however, does not include indices or other documents that do not contain the substantive Confidential Information.

9. *Designation of Intangible Material.* Intangible material claimed to be or contain Confidential Information shall be designated by the producing party as "Confidential" in a writing provided to the receiving party at the time of production.

10. *Subsequent Designation.* Documents and/or materials produced in this litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Confidentiality Stipulation. No distribution prior to the receipt of such written notice shall be deemed a violation of this Confidentiality Stipulation.

11. *Designation of Interrogatory Responses.* If an answer to an interrogatory is to contain Confidential Information, such Confidential Information shall be stated on a separate page to be incorporated by reference in the body of the interrogatory response. Only the separate page containing the Confidential Information shall be designated as "Confidential" as provided in this Confidentiality Stipulation.

12. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. If only a portion of a deposition is designated as Confidential: (a) the Confidential portion(s) shall be transcribed and bound separately from a complete version of the deposition and shall be labeled "Confidential" and treated as such pursuant to this Confidentiality Stipulation, (b) the portions that do not contain Confidential Information shall be transcribed and bound separately from a complete version of the transcript, and (c) the complete version shall be labeled "Confidential" and treated as Confidential material pursuant to this Confidentiality Stipulation.

13. *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below, provided that the parties or persons must negotiate in good faith regarding any disputes over designation of Confidential Information before presenting the dispute to the Court.

(a) The producing party or person may agree in writing to downgrade or eliminate the Confidential designation on any information or material it produced.

(b) If the parties or persons cannot agree as to the designation of any particular information or material, the receiving party or person may move the Court to downgrade or eliminate the Confidential designation. The burden of proving that

the information has been properly designated as protected shall be on the party or person who made the original designation.

### Access to Confidential Information

14. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

   (a)  To the Court and Court staff.

   (b)  To mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity. Before any party may disclose Confidential Information to any mediator(s), arbitrator(s), or special master(s) who were not appointed by order of the Court, such mediator(s), arbitrator(s), or special mater(s) must have signed and delivered to counsel of record for each party a letter in the form of Exhibit A hereto.

   (c)  To outside counsel for a party hereto, provided that outside counsel who are not of record first must sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto, before being permitted access to Confidential Information.

   (d)  To secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation.

   (e)  To court reporters transcribing a deposition, hearing, or other proceeding in this matter as provided in paragraph 17 below.

(f) To witnesses who, at the time they testify or are deposed, are employed by or retained by the party that produced the Confidential Information or designated the information as protected.

(g) To independent experts and independent consultants retained by counsel in good faith to assist in the preparation, settlement, or trial of this litigation, but only if the following conditions are met: a party who proposes to reveal Confidential Information to any independent expert or independent consultant shall, before revealing any Confidential Information to such person, obtain an agreement in the form of Exhibit A hereto signed by such person.

(h) To such other persons as the parties may agree in writing and who sign Exhibit A attached hereto.

15. *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproduction, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

16. *Agreements to Provide Access.* The parties may agree in writing to permit access to Confidential Information to persons not otherwise granted access by the terms of this Confidentiality Stipulation. The writing must identify the particular person to whom the Confidential Information will be disclosed and specify, by Bates number if possible, the Confidential Information to be disclosed. Prior to such disclosure, outside counsel of record for all parties in the action must have received an agreement in the form of Exhibit A hereto signed by the particular person.

17. *Access by Court Reporters.* Excluding court proceedings or court-appointed court-reporters or transcribers, any court reporter or transcriber who reports or transcribes testimony in this litigation shall agree by a statement on the record, before recording or transcribing any such testimony, that all testimony and information revealed at the deposition is and shall remain confidential. The reporter or transcriber shall further affirm that such information will not be disclosed by such reporter or transcriber except to the attorneys for each party, and copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality by such reporter or transcriber or shall be delivered to the undersigned attorneys.

18. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information. The party seeking to disclose Confidential Information to a particular person shall have the burden of persuasion, although the designating party shall always have the burden of persuasion as to the propriety of the designation.

## Use of Confidential Information

19. *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

20. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the

deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Confidentiality Stipulation to receive the Confidential Information.

21. *Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal from the courtroom of persons not authorized by this Confidentiality Stipulation to received Confidential Information. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

## Other Provisions

22. *Filing Under Seal.* Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

23. *Maintaining Sealed Documents.* The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as Confidential Information that are filed in this litigation.

24. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

25. *Storage.* Confidential Information subject to the terms of this Confidentiality Stipulation shall, when not in use, be stored in such a manner as to protect against disclosure to persons who do not have a need in this litigation to see the Confidential Information and who are not in employment of those possessing Confidential Information.

26. *Return/Destruction After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information. Alternatively, as to work product that reflects or refers to Confidential Information, it outside counsel desires to destroy the other party's Confidential Information in lieu of returning it, outside counsel shall supervise and certify in writing to the party who furnished the Confidential Information the destruction within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court.

27. *Continuing Obligation.* Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Confidentiality Stipulation. The Court shall retain jurisdiction to enforce the terms of this Confidentiality Stipulation. Every person who receives confidential information submits himself or herself to the personal jurisdiction of this Court for the enforcement of the Confidentiality Stipulation.

28.  *Not an Admission.*  Nothing in this Confidentiality Stipulation or done by the parties pursuant to this Confidentiality Stipulation shall constitute an admission by the party, or shall be used as evidence, that information designated as Confidential is actually Confidential Information.  Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

29.  *Inadvertent Disclosure of Privileged Information.*  If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, the producing party may give written notice to the receiving party that the document or information producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.  The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information on the grounds of waiver, etc.

30.  *Miscellaneous.*  This Confidentiality Stipulation shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.  Moreover, this Confidentiality

Stipulation may be used to protect the confidentiality of the residential addresses and social security numbers of any and all current or former employees of Defendants.

31. *Effective Date.* This Confidentiality Stipulation shall serve as a stipulation and agreement between the parties, and shall be effective immediately upon signature by counsel for all parties.

So stipulated and agreed this 5th day of April, 2011.

_____
Kyle L. Courtney
D.T. Pham & associates P.L.L.C.
Attorneys for Tax Masters Inc. d/b/a
TaxMasters

_____
Julian J. Fertitta, III
Grimes & Fertitta, P.C.
Attorneys for Galante Group Corp. d/b/a
JG Tax Group Co.

Signed on this _____ day of _____, 2011

_____
United States District Judge